AT NISI PRIUS, AT WASHINGTON, MAY ASSIZES, 1799.

CORAM, YEATES AND SMITH, JUSTICES.

Lessee of John Hurden *against* John Chaffin, John Cunningham and Samuel Hyde.

Improvements on lands, not purchased from the Indians before 1768, and not duly followed up, *animo residendi*, and where the party has not removed in consequence of the governor's proclamation of 24th Feb. 1768, not received in evidence.

Ejectment for one 100 acres of land in Green township.

Mr. Woods for the plaintiff, offered to show by Nathaniel Husk, under whom he claimed (as well as under a certificate of the Virginia commissioners) that Husk had begun to improve the lands in 1767, and left them afterwards. He insisted that Husk having taken a location for the lands on the 13th June 1769, might protect himself under this early improvement, under the terms of opening the land office on 3d April 1769: " Those who had settled plantations, especially those who had settled by permission of the commanding officers to the westward, were declared to have a preference." The late proprietaries might give pre-emtions to whom they pleased as lords of the soil. In the cases of the lessee of the executors of George Croghan v. William Elliot, tried in Westmoreland county in 1790, and of the lessee of William Tood v. Philip Ockerman and Daniel St. Clair, in the same county, in 1793, it was determined, that improvers under permits from the commanding officers, are not bound to enter their applications on the 3d April 1769, provided the applications are made in due and convenient time. No distinction is made by the proprietary officers, between those who settled under military permits, and mere improvers without them.

The testimony was opposed by Mr. Brackenridge for the defendant, but he was stopped by Yeates, J. (Smith, J. having formerly been counsel in the cause, declining to take any part in the decision.)

If it is meant to give evidence of a settlement made by Edward Arskin (in whose name the Virginia certificate issued) or by any persons under whom he held, there can be no objection to it, under the compact between the two states on the 31st August 1779, afterwards ratified by law. But this cannot be the case, because unequivocal testimony has already been given, that

Arskin laid no claims to the lands now in question. Or if it is intended to show, that Husk made an actual *bona fide* settlement on the premises, *animo residendi*, previous to the law of the 3d February 1768, and pursued it in a reasonable manner, when the circumstances of the country and state of his family would allow him, but removed therefrom in consequence of the governor's proclamation of the 24th of the same month, I should apprehend also, the testimony would be regular. But a slight improvement of lands, unpurchased from the Indians, merely with intent to appropriate the lands, without a continued personal residence, cannot be deemed the "settlement of a plantation." A dozen such improvements may be effected by a few hands in the course of a week; when abandoned and deserted until a future market offers, not a shadow of title or claim of pre-emtion is gained thereby. Such improvements are not within the true construction of the terms proposed previous to the opening of the land office on the 3d April 1769, and have often been overruled when offered in evidence, least juries should be misled thereby; and particularly in the case of Sherer's lessee *v.* M'Farland at Greensburg in may 1797, by the judges now present, when the argument was fully gone into on the part of the then plaintiff. Uniformity of decision is of the utmost consequence in all cases, but peculiarly so in matters of this nature. I see no reason to alter the opinion I have long formed on this subject, on full consideration ; and therefore feel myself bound to overrule the testimony, under the circumstances of this case. But if the plaintiff's counsel be dissatisfied, he may either take a bill of exceptions, or move the court in bank for the sentiments of all the judges.

Verdict for the defendant.

---

Lessee of SAMUEL HYDE *against* WILLIAM TORRENCE.

The certificate of Virginia commissioners is not conclusive evidence against a Pennsylvania claimant, but may be controverted.

EJECTMENT for 318 acres of land in Whiteley creek.

The plaintiff claimed the premises, under an early improvement made by Thomas Provence, which originated in 1767, was continued down until 1783, without interruption. On the 8th May 1782, he conveyed to Aaron Jenkins in consideration of 200*l.* who leased to Joseph Ross, under the yearly rent of 150 bushels of corn ; and the tenant afterwards improperly permitted Martin Harden the son of defendant's landlord, to come into the possession on his receiving a bond of indemnification. On the 26th July 1783, Jenkins conveyed to